# UNITED STATES DISTRICT COURT
## District of Connecticut

### JUDGMENT IN A CRIMINAL CASE

| UNITED STATES OF AMERICA | Case No.: 3:18-cr-00092-JBA-1 |
|---|---|
| | USM No.: 25859-014 |
| V. | |
| | Jennifer Laraia, Michael S. McGarry |
| | Assistant U.S. Attorneys |
| LEON VACCARELLI | |
| | Jonathan J. Einhorn, |
| | Defendant's Attorney |

The defendant was found guilty on Counts 1 through 21 of the Superseding Indictment by a jury.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| Title 18, United States Code, §1341 | Mail Fraud | January 7, 2014 | 1s-3s |
| Title 18, United States Code, §1343 | Wire Fraud | October 12, 2016 | 4s-12s |
| Title 15, United States Code, §78j(b) | Securities Fraud | January 14, 2017 | 13s-18s |
| Title 18, United States Code, §1957 | Money Laundering | August 15, 2016 | 19s-21s |

The following sentence is variance from the U.S. Sentencing Guidelines and is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
The defendant is ordered committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 90 months.

The defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prisons no later than 12:00 p.m. on January 5, 2020 by his own arrangement and at his own expense. In the event the defendant does not receive designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender to the United States Marshals Service by 12:00 p.m. on January 5, 2020 in New Haven, Connecticut if no extension of time has been granted for self-surrender.

All conditions of bond remain in effect.

**SUPERVISED RELEASE**
Upon release from imprisonment, the defendant shall be on Supervised Release for a total term of 3 years.

The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

1. The defendant must not have any contact, directly or indirectly, with any of the witnesses or victims of his offense.

2. The defendant must provide the probation officer access to any requested financial information or authorize the release of any financial information until his financial obligation is paid.

3. The defendant must not encumber personal homes or investment properties without permission of the Court and shall not transfer, sell, give away, barter, or dissipate in anyway any assets, including personal property such as motor vehicles without the express permission of the probation officer and notification to the Court.

4. If the probation officer determines that the defendant poses a risk to another person, the probation officer may, with the Court's approval, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The probation officer may contact the person or organization and confirm that the defendant has notified the person about the risk.

5. The defendant must pay any restitution that is imposed by this judgment in a lump sum immediately. If he is unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $500 per month or 10% of your gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court.

6. The defendant shall participate in a mental health treatment program approved by the Probation Office. The defendant must follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program. The defendant must pay all or a portion of costs associated with treatment based on his ability to pay as recommended by the probation officer and approved by the Court.

7. The defendant shall participate in a substance abuse treatment program approved by the Probation Office. The defendant must follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program. The defendant must pay all or a portion of costs associated with treatment based on his ability to pay as recommended by the probation officer and approved by the Court.

8. The defendant must totally abstain from alcohol consumption.

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

**Special Assessment:** $2,100.00 to be paid to the Clerk of the Court immediately

   **Fine:**     Waived
   **Restitution:**   As stated in the Restitution Order to follow

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts have been dismissed:  all remaining counts in the original indictment.

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
The Court recommends the defendant be designated to FCI Otisville to maintain family relationships, to allow the defendant the opportunity to participate in the 500-hour drug rehabilitation program (RDAP)

         Date of Imposition of Sentence:  October 15, 2020


         \_\_/S/_____
         Janet Bond Arterton, United States District Judge

         Date: October 30, 2020

**CONDITIONS OF SUPERVISION**

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

**MANDATORY CONDITIONS**

(1) You shall not commit another federal, state or local crime.

(2) You shall not unlawfully possess a controlled substance.

(3) You shall refrain from any unlawful use of a controlled substance including alcohol.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the Bureau of Prisons or probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

**STANDARD CONDITIONS**

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
(13) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment,</u> (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
            Defendant                                                                   Date

         _____          _____
         U.S. Probation Officer/Designated Witness                                       Date

**I Hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Connecticut.**

Date Filed:  October 30, 2020          Roberta D. Tabora, Clerk

                                       By: _____
                                            Donna Barry, Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                 _____
                                                 Lawrence Bobnick
                                                 Acting United States Marshal

                                       By       _____
                                                 Deputy Marshal