UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | NO: 3:18-cr-92 (JBA) |
| v. | : |
| | December 23, 2020 |
| LEON VACCARELLI | : |

ORDER ON MOTION FOR ORDER OF RESTITUION [DOC. # 170]

After Defendant was convicted by a jury on May 29,2019 on 21 counts relating to mail and wire fraud resulting in $1,460,326.63 of losses to 14 of his investment clients, Leon Vaccarelli was sentenced to 90 months imprisonment. Entry of the order of restitution was continued to permit Defendant to document his claims for credits against these losses constituting his restitution obligation. What remained in dispute was the restitution credit to which Defendant was entitled for legal services he claimed he paid for attorney fees, including those incurred by the Kolesnik Law Firm, for representation of the Burton Trust for the benefit of Margaret Sheila Burton.

After review of Defendant's briefing and exhibits, the Court grants the Government's Motion for Order of Restitution [Doc. #170], with modification, in the amount of $1,456,632.77. The only documentation that remotely satisfies Defendant's obligation to document valid credits for legal fees paid to the Kolesnik Law Firm on behalf of the Burton Trust is one invoice dated December 22, 2014 addressed to Leon Vaccarelli covering October 3, 2014 to December 18, 2014. While the description of services appears consistent with appropriate services on behalf of the Trust, Defendant offers no documentation that it was ever paid by Defendant to Attorney Kolesnik from the Burton Trust account maintained and controlled by Defendant. The $3610.00

claimed is one-third of Defendant's "estimate" of $10,000 he originally asserted was paid. While the Government is skeptical about this sparse documentation, for the reasons it sets out regarding Defendant's business relationship with Attorney Robert Kolesnik (*see* Response to Defendant's Filing re: Restitution [Doc. #174]), the Court will accept Defendant's counsel's representation that "[t]hese sums were paid on her behalf by the defendant to her attorneys, the Kolesnik Law Firm." (Defendant's Restitution Credits re: Legal Fees [Doc. #172]). Accordingly, this fee will be credited against Defendant's restitution obligation.

Defendant further seeks $8,731 credit for legal fees of Robinson & Cole incurred on behalf of the Burton Trust. While the descriptions of the legal services rendered appear related to the Burton Trust, the Government maintains that the financial records do not support the claim that Defendant paid this sum to Robinson & Cole on Ms. Burton's behalf, except $83.86 paid from the Burton Trust TD Ameritrade account. Defendant offers no documentation that these fees invoiced by Robinson & Cole were paid by him. In fact, the invoices Defendant submits, dated May 21, 2014, June 10, 2014, were both addressed to:

> "Margaret Sheila Burton Trust
> Attn: Steven Essex
> Vice President and Trust Officer
> Salisbury Bank and Trust Company
> P.O. Box 1868
> Lakeville, Ct. 06039"
> File #33859.001

Further, Defendant's counsel merely represents that this sum "was paid in legal fees to the firm of Robinson & Cole on behalf of the Lynn Burton trust," [Doc. #172] which is consistent with the Invoice/Remittance Advice but not evidence that Defendant paid them. Thus, this claim for restitution credit fails and no credit will be given.

Payments from the Court's final restitution figure of $1,456,632.77 shall first be made to

any victims, including the Burton Trust (Margaret Sheila Burton beneficiary), who have not been reimbursed by The Investment Center and/or its insurance carriers, and secondarily to the Investment Center (its $50,000 deductible) and insurance carriers (Underwriters and Continental Insurance Company) who have compensated Defendant's victims (but not the Burton Trust) ($1,235,631.55). The Government advises that Continental has provided information that it incurred additional costs and fees in connection with matters arising as a result of Defendant's fraud claimed to be $23,933.29. Continental has filed no application or petition with the Court for such costs. 18 U.S.C. §3664. 18 U.S.C. § 3664 permits insurers to receive amounts with which they have compensated victims but the Court is unaware of any basis for recovery of such ancillary fees under the restitution statute. *See United States v. Schwartz*, No. 3:06CR2 (JBA), 2006 WL 1662899, at *3 (D. Conn. May 25, 2006) ("contingent or consequential losses, such as [] accountant and attorney fees incurred in recovering a victim's loss, have not been found to constitute 'direct' losses"); *United States v. Grundhoefer*, 916 F.2d 788, 794 (2d Cir. 1990) (holding that students, as ancillary victims of a student loan fraud scheme, could not receive restitution because defendants were only convicted of defrauding the federal government, as the loan provider, not the individual students); *Hughey v. United States*, 495 U.S. 411, 413 (1990) ("restitution (is permitted) only for the loss caused by the specific conduct that is the basis of the offense of conviction").

The Order of Judgment and Commitment [Doc. #167] is ordered amended to include Restitution of $1,456,632.77 and payment of Restitution as a special condition of supervised release.

                                              IT IS SO ORDERED.
                                              /s/Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this   23rd day of December 2020.