```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


_____
UNITED STATES OF AMERICA,     )
            Plaintiff,        ) No: 3:18-CR-92 (JBA)
                              )
     v.                       ) May 29, 2019
LEON VACCARELLI,              )
            Defendant.        ) 11:20 a.m.
_____)
                                141 Church Street
                                New Haven, Connecticut



                         JURY TRIAL DAY 11



B E F O R E:
        THE HONORABLE JANET BOND ARTERTON, U.S.D.J.
        and 14 JURORS

















                                    Official Court Reporter:
                                    Tracy L. Gow, RPR
                                    203-910-0323
```

```
 1   A P P E A R A N C E S:

 2   For the Government:
          MICHAEL S. McGARRY, AUSA
 3        U.S. Attorney's Office-NH
          157 Church St., 25th Floor
 4        New Haven, CT 06510
          203-821-3751
 5        Email: michael.mcgarry@usdoj.gov

 6        JENNIFER LARAIA, AUSA
          U.S. Attorney's Office-BPT
 7        1000 Lafayette Blvd., 10th Floor
          Bridgeport, CT 06604
 8        203-696-3029
          Email: jennifer.laraia@usdoj.gov
 9
     For the Defendant:
10        JONATHAN J. EINHORN, ESQ.
          Law Office of Jonathan J. Einhorn
11        129 Whitney Avenue
          New Haven, CT 06510
12        203-777-3777
          Email: einhornlawoffice@gmail.com
13
          RACHEL MIRSKY, ESQ.
14        Mirsky Law LLC
          900 Chapel Street
15        10th Floor
          New Haven, CT 06510
16        203-290-2779
          Email: rachel@mirskylawct.com
17
     Also present:
18        LEON VACCARELLI
          SA RUSSEL DAY, FBI
19

20

21

22

23

24

25
```

1       (Call to Order, Out of the presence of the Jury,
2  11:20 a.m.)
3       THE COURT: Good morning, Counsel, ladies and
4  gentlemen. My note from the jury -- specifically, Foreperson
5  Number 11, which you have copies of -- the jury has reached a
6  verdict on all twenty-one counts of the four charges. We
7  shall bring them in.
8       And I have asked Juror No. 4, our alternate, to join
9  us. Good morning.
10      JUROR NO. 4: Good morning.
11      (Jury in, 11:53 a.m.)
12      THE COURT: Good morning, ladies and gentlemen.
13 Please be seated.
14      ALL: Good morning.
15      THE COURT: You're Foreperson Number 11?
16      THE FOREPERSON: Yes, ma'am.
17      THE COURT: You have indicated by your note that
18 you've reached a verdict on all counts on all charges?
19      THE FOREPERSON: Yes, we have.
20      THE COURT: And is that a unanimous verdict?
21      THE FOREPERSON: Yes, it is.
22      THE COURT: Would you kindly hand the verdict form,
23 which you have presumably signed and indicated the verdict,
24 to the clerk?
25      THE FOREPERSON: (Handing.)

1        COURTROOM DEPUTY:  (Handing.)

2        THE COURT:  All right.  I will read the verdict form
3   that you have returned.  I would like all of you to please
4   listen, because I'm going to individually poll you and ask
5   you whether the verdict that I have read is your verdict.  In
6   that way, I can ascertain, without doubt, that this is a
7   unanimous verdict; or, if it isn't, I will send you back for
8   further deliberation.  All right?
9        As to the charge in Count One of Mail Fraud, we, the
10  Jury, unanimously find the Defendant, Leon Vaccarelli,
11  guilty.
12       As to the charge in Count Two of Mail Fraud, we, the
13  Jury, find -- I'm going to leave out unanimous -- we, the
14  Jury, find the Defendant, Leon Vaccarelli, guilty.
15       As to the charge in Count Three of Mail Fraud, the
16  Jury unanimously finds the Defendant, Leon Vaccarelli,
17  guilty.
18       As to the charge in Count Four of Wire Fraud, the
19  Jury unanimously finds the Defendant, Leon Vaccarelli,
20  guilty.
21       As to the charge in Count Five of Wire Fraud, the
22  jury unanimously finds the Defendant, Leon Vaccarelli,
23  guilty.
24       As to the charge in Count Six of Wire Fraud, the
25  jury unanimously finds the Defendant guilty.

1828

```
 1              As to the charge in Count Seven of Wire Fraud, the
 2    jury unanimously finds the Defendant guilty.
 3              As to the charge in Count Eight of Wire Fraud, the
 4    jury unanimously finds the Defendant guilty.
 5              As to the charge in Count Nine of Wire Fraud, the
 6    jury unanimously finds the Defendant guilty.
 7              As to the charge in Count Ten of Wire Fraud, the
 8    jury unanimously finds the Defendant guilty.
 9              As to the charge in Count Eleven of Wire Fraud, the
10    jury unanimously finds the Defendant guilty.
11              As to the charge in Count Twelve of Wire Fraud, the
12    jury unanimously finds the Defendant guilty.
13              As to the charge in Count Thirteen of Securities
14    Fraud, the jury unanimously finds the Defendant guilty.
15              As to the charge in Count Fourteen of Securities
16    Fraud, the jury unanimously finds the Defendant guilty.
17              As to the charge in Count Fifteen of Securities
18    Fraud, the jury unanimously finds the Defendant guilty.
19              As to the charge in Count Sixteen of Securities
20    Fraud on or about September 24, 2015, the jury unanimously
21    finds the Defendant guilty.
22              As to the charge in Count Seventeen of Securities
23    Fraud, the jury unanimously finds the Defendant guilty.
24              As to the charge in Count Eighteen of Securities
25    Fraud, the jury unanimously finds the Defendant guilty.
```

1                    As to the charge in Count Nineteen of Money
2        Laundering, the jury unanimously finds the Defendant guilty.
3                    As to the charge in Count Twenty of Money
4        Laundering, the jury unanimously finds the Defendant guilty.
5                    As to the charge in Count Twenty-one of Money
6        Laundering, the jury unanimously finds the Defendant guilty.
7                    This has been signed by the Foreperson, Mark Ruffo,
8        Number 11, at 10:45 a.m.
9                    I'm going to start with Juror No. 1 and ask you to
10       stand and tell me if this is your verdict.
11                   JUROR NO. 1:  Yes, it is.
12                   THE COURT:  Thank you.  Juror No. 2, is this your
13       verdict?
14                   JUROR NO. 2:  Yes, it is.
15                   THE COURT:  Juror No. 3, is this your verdict?
16                   JUROR NO. 3:  Yes, it is.
17                   THE COURT:  Juror No. 5, is this your verdict?
18                   JUROR NO. 5:  Yes, Your Honor.
19                   THE COURT:  Juror No. 6, is this your verdict?
20                   JUROR NO. 6:  Yes, it is.
21                   THE COURT:  Juror No. 7, is this your verdict?
22                   JUROR NO. 7:  Yes, Your Honor.
23                   THE COURT:  Juror No. 8, is this your verdict?
24                   JUROR NO. 8:  Yes, Your Honor.
25                   THE COURT:  Juror No. 9, is this your verdict?

1       JUROR NO. 9, Yes, Your Honor.

2       THE COURT:  Juror No. 10, is this your verdict?

3       JUROR NO. 10, Yes, Your Honor.

4       THE COURT:  Juror No. 11, is this your verdict?

5       JUROR NO. 11:  Yes, Your Honor.

6       THE COURT:  Juror No. 12, is this your verdict?

7       JUROR NO. 12:  Yes, Your Honor.

8       THE COURT:  And Juror No. 13, is this your verdict?

9       JUROR NO. 13:  It is, Your Honor.

10      THE COURT:  All right.  This being the unanimous
11 verdict, on Counts One through Twenty-one, of guilty, the
12 verdict is accepted and a judgment of guilty is entered on
13 those counts -- all counts.

14      Ladies and gentlemen, you've now done your duty.
15 Making decisions, such as you have made, that deeply affect
16 the lives and interests of parties, is not easy; and if you
17 have tried your best, then you have, indeed, done the right
18 thing.

19      We are grateful to you for performing this important
20 and difficult assignment, because we believe in a system of
21 law that places in our fellow citizens, like yourselves, the
22 responsibility for administering justice and resolving the
23 important disputes -- a system of self-Government in which we
24 draw from our community citizens to play this central role.

25      While the jury system has been criticized over the

1  years -- perhaps because it is human, perhaps because it is
2  unsystematic, perhaps because it is imperfect -- it is,
3  nonetheless, the envy of the world, and it is one of the
4  cornerstones of our liberty, and it is people just like you
5  that keep it going.
6            It is important to remember the role that the jury
7  system plays in our history and in our court system.  Thomas
8  Jefferson, in 1788, said:  "I consider trial by jury as the
9  only anchor ever yet imagined by man" -- we can amend
10 that -- "by which a Government can be held to the principles
11 of its Constitution."
12           So, I thank you very much for your role in playing
13 this part, your conscientious attention throughout the trial,
14 and your adherence to the instructions of law that the Court
15 has given you.  You are now discharged.  You are under no
16 obligation to discuss this case with anyone.  You took an
17 oath that said, You do solemnly swear after your verdict has
18 been announced in court you will speak to no one concerning
19 the deliberations or the vote of the jury or of any
20 individual juror other than yourself, unless the presiding
21 judge gives you permission to do so."
22           You are at liberty to discuss your experience as
23 jurors as you wish, recognizing the exclusion of any
24 discussion of the deliberations or the vote of any other
25 juror.

1    I would like to have the opportunity to thank you
2    personally; and if you have questions that I can answer, I
3    will be happy to do so, and I will see you in the jury room,
4    which I must send you back into yet once again.  And our
5    alternate, you are invited to join us also in the jury room.
6    I have some details to take up with counsel, and I will join
7    you in there as soon as possible.  You are discharged.
8         (Jury out, 11:53 a.m.)
9         THE COURT:  All right, Counsel.  We need to set a
10   schedule.  The scheduling order that I will enter will have
11   Mr. Vaccarelli appearing for sentencing on Thursday, August
12   22, at 10 a.m. in this courtroom.  The initial Presentence
13   Report will be disclosed to the Defendant, his counsel, and
14   the Government by July 10.  If there are objections or
15   comments, they shall be communicated to the probation officer
16   by July 24, and a final version of the Presentence Report
17   will be filed by August 2.
18        The Defendant's Sentencing Memorandum shall be filed
19   by August 7, and the Government's Sentencing Memorandum will
20   be filed by August 14.  If there are any replies, they must
21   be filed by August 16.
22        Is there any comment or discussion about the
23   schedule?
24        MR. EINHORN:  The only thing I would note is, as we
25   discussed earlier in the trial, the Rule 29 motion will be

1  winding its way through the process, too, and I'll file -- I
2  think it's 10 days after trial, I think is the requirement
3  for that.
4              THE COURT:  Anything else?
5              MR. McGARRY:  On the schedule, Your Honor?
6              THE COURT:  On anything.
7              MR. McGARRY:  One of the things I wanted to bring to
8  the Court's attention, regarding the conditions of release
9  with Mr. Vaccarelli, is I do note that there have been a
10 number of noncompliance reports filed by Probation.  I think
11 the most recent one that I was privy to said "no action by
12 the Court" but noted that there were a number of late filed
13 SoberLink tests.
14             To Mr. Vaccarelli's credit, I believe that all the
15 SoberLink tests came back negative, meaning came back sober;
16 however, I did speak with January Welchs, the probation
17 officer, and she mentioned that there were some additional
18 late tests.
19             Given the jury's verdict today and the shifting
20 burden, I thought, in order to ensure both risk of flight and
21 any sort of danger to the community, given the nature of the
22 defense in this case, I thought the Court might want to
23 consider some increased conditions, including possibly adding
24 a curfew, adding more frequent reporting, including possibly
25 ordering checking in from a hardline telephone -- if one

1 exists -- which would be a step short of electronic
2 monitoring, letting the probation officer know that he is
3 physically at the location with the hardline, which is kind
4 of what they used to do a long time ago, or some type of
5 curfew with electronic monitoring, if that's possible.
6             I will note, as far as danger to the community, it's
7 not -- I don't think it's a significant danger, but I think I
8 would be remiss if I didn't point out to the Court that there
9 has been a lot of texting back and forth, some -- with Monica
10 Vaccarelli, some of which has been provided to the
11 Government, and we have provided those to Mr. Einhorn.  And
12 it's spats, if you will, back and forth.
13             Again, I just wanted to raise that with the Court so
14 we're on the record of letting the Court know that there
15 seems to be bickering, lots of capital letters, lots of
16 exclamation points.  I know Ms. Welchs has been made privy to
17 this.
18             And I don't want to belabor the point, but I just
19 thought the Court should be aware that I think Probation
20 should be encouraged and have the full support of the Court
21 if they think there need to be additional conditions, short
22 of remanding him, to make sure that this doesn't trigger
23 what, if any, alcoholic response there may or may not be in
24 relation to this life event.
25             MR. EINHORN:  I would -- if Your Honor please, I'd

1 make a motion for his continued release, under extraordinary
2 circumstances.  He shares the day-to-day obligations of
3 raising seven children -- the eighth is out of the house
4 now -- seven children, and he tells me it's a daily chore.
5 His wife, Monica, works.  She works in a car dealership, I
6 think in Stratford, but he is as actively involved as is at
7 all possible.  I know his children -- taking them, seven
8 children, to schools and doctors' appointments, and so forth.
9 So I'd like, under those circumstances, to keep him doing
10 that.
11       With regard to the late SoberLinks, I know
12 Ms. Welchs has been kept apprised of all of that.  Your Honor
13 may know about this already.  He -- the most the missing
14 times were within minutes -- one I think was an hour and a
15 half late -- usually because he was doing something with his
16 children, or whatever obligations, and he's always come back
17 clean.
18       I don't have any problem, though, with having some
19 additional conditions.  The one that I suggested to
20 Mr. McGarry and I'd like to see happen is I think after -- at
21 some point today he needs to contact Blue Sky, who he
22 continues to see, and I'd like him to notify them right away
23 of the verdict and to see if they want to see him more
24 frequently -- or immediately -- but I'd like him to do that.
25       Other than that, if Your Honor thinks a curfew is

1  appropriate, there's no problem, although I just wanted to
2  point out some of his obligations involve some nighttime
3  functions with the children.  For example, tonight he's going
4  to be at a class day with one of his children.
5          THE DEFENDANT:  Lucy.
6          MR. EINHORN:  Lucy.  Assuming Your Honor releases
7  him, he'd take Lucy to a class day at school.  Curfew is not
8  a bad idea, as long as he can do all that.
9          THE COURT:  Class day is at what time?
10          THE DEFENDANT:  It starts at 7 p.m. and I'll go to
11  about 11 p.m., estimated.
12          MR. EINHORN:  I don't think that's usual, though.
13          THE DEFENDANT:  No, it's --
14          MR. EINHORN:  That sounds like a bit of a late
15  curfew on a regular basis.
16          THE COURT:  There was an indication that Mr.
17  Vaccarelli had discontinued one of his mental health
18  medications -- namely, the Trazodone.  The report from
19  Probation from April indicated that he would be speaking with
20  his psychiatrist about this change and the question that
21  Mr. Einhorn appropriately addresses is, how to ensure that
22  the stressor -- namely, guilty convictions, impending
23  sentencing -- does not trigger a relapse, which could be of
24  risk to the community.  I doubt Mr. Vaccarelli is a risk of
25  flight with all those children depending on him.

1        Mr. Einhorn, what is the situation with his
2   medications?
3        MR. EINHORN:  I understand that he's still taking
4   the medications for alcohol, but that he stopped taking the
5   Trazodone.  I believe it's -- my knowledge of Trazodone,
6   also, just from what I read, is that it's a -- it's something
7   that helps you sleep, it's an anti-stressor -- they actually
8   give it to dogs, too; they give it to animals.
9        But he should check with Blue Skies [sic] to see if
10  they'd like him to go back on Trazodone.  And, frankly, what
11  I would do is, my plan would be to notify the young lady who
12  was here -- Donna Gleissner -- myself, in addition to
13  obviously Mr. Vaccarelli will notify them.  But I'd like to
14  notify them myself this afternoon and make sure they know.
15  And if they think he should be back on the Trazodone, then he
16  should do it.
17       THE COURT:  With respect to the apparently ongoing
18  disputes with Mr. Vaccarelli's ex-wife, is there additional
19  condition to be imposed that will ensure that that will not
20  spiral out of control for him?
21       MR. EINHORN:  I think -- so this is a
22  particularly -- was a particularly nasty divorce.  And
23  because there's so many children involved -- and it is
24  stressful, I'm sure for the ex-Mrs. Vaccarelli, as well as
25  Leon.  And, so, in not-unusual divorce or post-divorce

1  fashion, they exchange all these responses.  Both of them
2  have legal counsel.  January Welchs is aware, I believe, of
3  the situation between them.  We can't restrict communication,
4  although it should be, perhaps, a little more gentile between
5  the two of them, but we can't restrict communication because
6  of the children.
7          I've asked Mr. Vaccarelli to try and avoid
8  communicating with his ex-wife except where it's necessary
9  with regard to the children, and I think the e-mails that
10 I've seen indicate that sometimes she's the aggressor in sort
11 of putting the pins in and pushing his buttons.
12         So I'm not certain that at this point we can do much
13 about that.  I can notify his state court lawyer, also, of
14 course -- Michael Culkin (phonetic) -- about the situation.
15 Perhaps they can do something.  I know they were last in
16 court on their post-divorce motions the Monday before we
17 started trial, so it's an ongoing sort of thing.
18         THE COURT:  With respect to the Government's
19 proposal that a curfew be imposed and the frequency of
20 reporting from a hardline phone be increased, what is your
21 position?
22         MR. EINHORN:  I guess I'd leave it to January.  I'd
23 leave it to Probation, if they think -- I have no objection.
24 I'm just saying that Probation may decide that it's necessary
25 to see him additional or talk to him additional times, or to

1  use a hardline phone.  Whatever Probation or Your Honor
2  obviously thinks is appropriate.
3          May I have just a moment?
4          (Counsel and Defendant confer.)
5          MR. EINHORN:  Mr. Vaccarelli reminded me that the
6  SoberLink has a GPS built into it.  So January, who activates
7  the SoberLink, will know where he is at any given moment.
8          THE COURT:  All right.  I think it is appropriate to
9  increase the conditions of release on bond pending sentencing
10 to include a curfew.  The curfew will be that Mr. Vaccarelli
11 needs to be in his home by nine o'clock unless given
12 permission.  The Court will give him permission to be out to
13 whatever reasonable period of time is necessary to go to
14 Lucy's class day today.
15         MR. EINHORN:  Thank you, Your Honor.
16         THE COURT:  Thereafter, permission will need to be
17 obtained via Probation.
18         MR. EINHORN:  Okay.
19         THE COURT:  I will leave, at your suggestion, the
20 reporting frequency and the manner of that frequency to
21 Probation.  I will also leave to her, her view on whether
22 extra conditions will be necessary.  I will add that complete
23 attention to the requirements of the use of the SoberLink
24 must be adhered to.
25         MR. EINHORN:  Yes, Your Honor.

```
1          THE COURT:  And other than the curfew, I will leave
2   in place all the other prior conditions of release on bond.
3          MR. EINHORN:  Thank you, Your Honor.
4          THE COURT:  Anything further?
5          MR. McGARRY:  Nothing else from the Government
6   today, Your Honor.
7          THE COURT:  All right.  Thank you very much.  We
8   stand in recess.
9          (Proceedings concluded, 11:46 a.m.)
10
11          COURT REPORTER'S TRANSCRIPT CERTIFICATE
12  I hereby certify that the within and foregoing is a true and
13  correct transcript taken of the proceedings in the
14  above-entitled matter.
15
16                         /s/  Tracy L. Gow
                           Tracy L. Gow, RPR
17                         Official Court Reporter
```